AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

### DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA
V.
EARL CHARLEY, JR.

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 2003M0474RBC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __September 28, 2003__ in __Suffolk__ county, in the _____ District of __Massachusetts__ defendant(s) did, (Track Statutory Language of Offense) knowingly possess a firearm, in and affecting commerce, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year; did knowingly possess a firearm bearing an obliterated serial number, which firearm had been shipped or transported in interstate commerce; and did knowingly possess with intent to distribute a controlled substance (marijuana).

in violation of Title __18__ United States Code, Section(s) __922(g)(1), 922(k) and 21 U.S.C. Section 841(a) (1)__.

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based on the following
                                    Official Title
facts:

See attached affidavit of Lisa Rudnicki

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant
LISA RUDNICKI

Sworn to before me and subscribed in my presence,

__NOV 21 2003__   at 3:47 pm   at Boston, MA
Date

UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE
United States District Court
United States Courthouse, - Suite 6420
1 Courthouse Way
Boston, MA 02210

## AFFIDAVIT OF LISA RUDNICKI

I, Lisa Rudnicki, having been duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF") and have been so employed for over seven years. As a Special Agent, my duties include the investigation of federal firearms violations including illegal possession, sale and trafficking of firearms. I have been assigned to the Boston Field Division of ATF for approximately fourteen months.

2. I make this affidavit in support of a complaint charging Earl Charley Jr., DOB: 11/10/63, with a violations of: 18 U.S.C. §922(g)(1), as a previously convicted felon in possession of a firearm; 18 U.S.C. §922(k) for possessing a firearm with an obliterated serial number; and 21 U.S.C. §841(a)(1) for possession with intent to distribute a controlled substance (marijuana). The information contained in this affidavit is based on my own investigation and on information provided to me by officers of the Boston Police Department. This affidavit is not intended to include all the information that I and others have learned during this investigation but, rather, that sufficient to provide probable cause in support of an application for a criminal complaint.

3. As an ATF Agent, I am aware that it is a violation of Title 18 U.S.C. §922(g)(1) for a person who has previously been

convicted of a crime punishable by imprisonment for a term exceeding one year to knowingly possess a firearm or ammunition in or affecting commerce. It is also a violation of 18 U.S.C. §922(k) for any person to possess or receive a firearm with an obliterated serial number which has, at any time, been shipped or transported in interstate or foreign commerce. It is further a violation of 21 U.S.C. §841(a)(1) to possess with intent to distribute marijuana (a controlled substance).

4. On September 28, 2003, at approximately 2 a.m., Officers Jon-Michael Harber and Edward Gately, members of the Boston Police Anti-Crime Unit assigned to District B-2 (Roxbury), were on patrol in an unmarked police car near Pat Flanagan's, a restaurant/bar located at 808 Huntington Avenue in Boston. They learned from Boston Police Detective Steven O'Brien, who was working a paid detail at Pat Flanagan's, that two men who had just left Pat Flanagan's were Earl Charley and his brother Anthony Charley. Detective O'Brien was familiar with Earl and Anthony Charley as a result of a previous arrest.

5. Officers Harber and Gately saw Anthony and Earl Charley, accompanied by two women later identified as Andrea Walker and Cicley Langford, cross Huntington Avenue and enter a gray-colored KIA Optima automobile. The officers then saw the KIA make an illegal u-turn on Huntington Avenue and drive toward Tremont

2

Street.  Immediately thereafter, officers Harber and Gately drove after, and conducted a motor vehicle stop of, the KIA on Tremont Street, near South Whitney Street.  Officer Harber advised Boston Police Operations of the traffic stop by radio.

6.  Officers Harber and Gately approached the vehicle, MA registration 6778YM, and saw that Earl Charley was sitting in the driver's seat, Anthony Charley was sitting in the rear driver's side passenger seat, the woman identified as Andrea Walker was sitting in front passenger seat, and the woman identified as Cicely Langford was sitting in the right rear passenger seat.  The Officers observed that only Ms. Langford was wearing a seat belt.  At about this time, Boston Police Sergeant Gerard Bailey and Officers Steven Canto, James Bowden and Brian Mahoney arrived at the scene.

7.  Officer Gately approached the driver's side of the KIA, while Officer Harber approached the passenger side. Officer Gately asked Earl Charley for his license and registration.  At the same time, Officer Gately smelled a strong, pungent odor emanating from the vehicle that he believed, based on his training and police experience, to be unburned marijuana.  Officer Gately then asked Earl Charley to get out of the car.  Earl Charley got out of the car.  Officer Gately then reached into the car and recovered eight clear plastic bags containing a

3

green vegetable matter, which he believed to be marijuana, from the center console.

8. Earl Charley was placed under arrest and, escorted by Officers Harber and Mahoney, placed in Officer Mahoney's police cruiser. The remaining occupants of the KIA were asked to get out of the car, which they did. Officers Canto and Gately then searched the automobile and Officer Canto discovered a black, 9mm pistol, along with a piece of mail addressed to Earl Charley, in the glove compartment. The handgun was loaded with eight rounds of 9mm ammunition. The serial number of the gun was completely obliterated. The KIA automobile was subsequently determined to be registered to Earl Charley.

9. Earl Charley was driven to the Boston Police Station at Area B-2, where he was booked.

10. Shortly thereafter on September 28, 2003, each of the occupants of the KIA automobile was separately interviewed by Detective O'Brien at the Area B-2 station after being read Miranda rights and executing a "Miranda Warning" form. During his interview, Earl Charley stated that the firearm and marijuana found in his KIA automobile belonged to him. He also said that he does not smoke marijuana and that he obtained the firearm in return for the sale of marijuana.

11. The firearm recovered from Earl Charley's automobile is

4

a 9mm Hi-Point, Model C, semi-automatic pistol with an obliterated serial number. According to ATF Special Agent Phillip Ball, who has been trained to be an interstate nexus expert, the firearm was manufactured in Ohio and, therefore, has traveled in interstate commerce.

12. The Massachusetts State Crime Lab randomly tested the content of one of the eight plastic bags recovered from Earl Charley's vehicle and determined it to be marijuana.

13. I have examined Earl Charley's criminal history as maintained by the Massachusetts Criminal History Board. His criminal history indicates that prior to September 28, 2003, Charley had been convicted of a crime punishable by a term of imprisonment exceeding one year. Specifically, in April of 1985, Charley was convicted of four counts of Assault With a Dangerous Weapon (a firearm) in Suffolk Superior Court. In July of 1986, Charley was convicted of one count of Assault and Battery With a Dangerous Weapon and one count of Armed Robbery in Suffolk Superior Court. In May of 1985, Charley was convicted of one count of Burglary in Norfolk Superior Court.

14. Based on the foregoing, there is probable cause to believe that on or about September 28, 2003, Earl Charley, having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did possess, in and affecting

commerce, a firearm, in violation of Title 18, U.S.C. §922(g)(1). There is also probable cause to believe that Earl Charley possessed a firearm with an obliterated serial number in violation of 18 U.S.C. §922(k). There is further probable cause to believe that Earl Charley possessed with intent to distribute marijuana in violation of 21 U.S.C. §841(a)(1).

_____
Lisa A. Rudnicki
Special Agent, ATF

Sworn and subscribed to before me this NOV 21 2003 day of November, 2003.

_____
ROBERT B. COLLINGS
United States Magistrate Judge

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
United States Courthouse, - Suite 6420
1 Courthouse Way
Boston, MA 02210

6