UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-10387-DPW |
| | ) | |
| EARL CHARLEY, JR. | ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF HIS MOTION TO SUPPRESS**

Defendant, Earl Charley, Jr., submits this memorandum in support of a further argument for suppression of his post-arrest statements, specifically that his invocation of the right to counsel required a termination of interrogation.

SUPPLEMENTAL STATEMENT OF FACTS

While the police were talking to Charley, but prior to the questioning about the gun or marijuana, the police reviewed Charley's Miranda rights with him. Ex. D, at 5-6. Immediately thereafter the following discussion took place.

> DET. O'BRIEN: You haven't read the Miranda Rights? But you've been told. You have a right to read them. And what I want you to do is after you read each one just put your initials that you understand each right that I've read to you.
>
> EARL CHARLEY: How long would it take to get a lawyer here?
>
> DET. O'BRIEN: I don't think we could get a lawyer here. I think you just go to court.
>
> EARL CHARLEY: Because -
>
> DET. O'BRIEN: And one would be appointed.
>
> EARL CHARLEY: (Unintelligible)

DET. O'BRIEN: No.  I'm just saying.  I'm just saying.  No, we'll stop -

EARL CHARLEY: (Unintelligible)

DET. O'BRIEN:  - we're not going to question you.  You can try to get one here.  I never had the -

EARL CHARLEY: Yeah.  But then them three don't go home.

DET. O'BRIEN: I'm trying to tell you if you want to speak to us – I can't tell you.  I don't know.  You could get a  - maybe if; you call you could get a lawyer.  I don't know if you have - know a lawyer.  You can get him here.  I don't know how long it would take.  I'm just telling you right now we're offering you –

EARL CHARLEY: Do you?  Do you all even have a lawyer?

DET. O'BRIEN: Do you?

EARL CHARLEY: Do you all, have a lawyer?

DET. O'BRIEN: We don't have a lawyer.  We don't provide them.  The Commonwealth has it.  You can call.  If you know somebody you - I don't know the numbers to call.  You've been - you've been arrested several times.  You might have a lawyer.

EARL CHARLEY: Whose been arrested several times?  I haven't been arrested several times.

DET. O'BRIEN: What?

EARL CHARLEY: I haven't been arrested several times.

DET. O'BRIEN: How many -

EARL CHARLEY: You might see a record but I ain't been arrested and half of those ain't even mine.

DET. O'BRIEN: All right, have you ever been arrested before?

EARL CHARLEY: I've been arrested before.

DET. O'BRIEN: And you've been - and you've been with a lawyer before? You might want to call a lawyer that you've dealt with before. It's up to you. I'm just saying you can stop talking to us and you can say I'm not going to talk to you until I get a lawyer. Fine.

EARL CHARLEY: Okay.

DET. O'BRIEN: And we'll stop right now.

EARL CHARLEY: All right, let's just -

DET. O'BRIEN: It's up to you.

EARL CHARLEY: Let's just get this over with, get them out of here. Bail bondsman around?

Ex. D, Charley Interrogation at 6-8.

## SUPPLEMENTAL ARGUMENT

If a person in custody "unambiguously invokes his right[ to counsel], he 'is not subject to further interrogation by the authorities unless the accused himself initiates further communication, exchanges, or conversations with the police.'" James v. Marshall, 322 F.3d 103, 108  (1st Cir. 2003) (quoting Edwards v. Arizona, 451 U.S. 477, 484-85 (1981)).  Ordinarily, if the accused makes an "'ambiguous or equivocal . . . invo[cation] of the right to counsel'" cessation of questioning is not required. Id.  (quoting Davis v. United States, 512 U.S. 452, 459 (1994)).

First Circuit precedent, decided before Davis, requires, in the face of an ambiguous invocation, that "'the questioning officers must find out more specifically whether [the accused] wants a lawyer before they can proceed further with other questioning,'" Sundstrom v. Powell, 1992 U.S.App. LEXIS 15158 (1st Cir. Apr. 23, 1992) (unpublished) (quoting United States v.

Porter, 776 F.2d 370, 370 (1st Cir. 1985)).  Charley contends that this precedent continues to apply.  In Davis, the interrogating officers confronted an ambiguous request for counsel.  Davis, 512 U.S. at 455, 461.  In response to the officer's clarifying questions it became clear that the accused was not invoking his Fifth Amendment right to counsel.  Id.  Thus, the Court's statement that, in the face of an ambiguous invocation, officers need not cease questioning is dicta to the Court's holding that only a clear and unambiguous assertion suffices to invoke the right to counsel.

      Here, Detective O'Brien did not merely clarify Charley's equivocal invocation.  Rather, the detective subtly and not so subtly coerced Charley into not invoking in the course of his "clarifying questions."  Specifically, Detective O'Brien implied that the "deal" the police had discussed with Charley might evaporate during the delay in obtaining a lawyer when he said "I'm just telling you right now we're offering you - -."  Ex. D at 6-7.  Similarly the detective's responses about obtaining a lawyer now only if Charley could call one implied that Charley had an opportunity at that time that would be unavailable later if he called an attorney.  Cf. United States v. Anderson, 929 F.2d 96, 97-98 (2d Cir. 1991)(finding trickery of telling accused he must choose between cooperation and counsel improper and suppressing statement as involuntary).  Finally, Detective O'Brien's failure to dispute Charley's statement that "then them three don't go home," if he invoked, was especially significant coming as it did on the heels of a back and forth discussion about this question between Detective O'Brien and Charley.   In short, the detective, in the course of "clarifying," improperly pressured Charley to waive.  Soffar v. Johnson, 237 F.3d 411, 458 (5th Cir. 2000)(prohibiting officers responding to ambiguous request for counsel from

using "deflecting" statements to persuade accused into abandoning equivocal invocation of counsel); Kyger v. Carlton, 146 F.3d 374, 379 (6th Cir. 1998)(rejecting as inappropriate effort by police to persuade or pressure accused to waive counsel after arguably ambiguous invocation). Under the First Circuit precedent cited above that was a violation of Charley's Fifth Amendment rights.

Even if the Court concludes, in light of Davis, that the police were under no constitutional obligation to clarify Charley's ambiguous invocation of the right to counsel, the Court still must suppress Charley's statement. The Government bears the burden of establishing a voluntary, knowing and intelligent waiver of Miranda. Moran v. Burbine, 475 U.S. 412, 421 (1986). Charley's questions about obtaining counsel came in response to Detective O'Brien showing Charley a written Miranda form. Ex. D at 6. The ensuing discussion between Detective O'Brien and Charley evidences repeated efforts by Detective O'Brien to coerce Charley into waiving his rights as described above. See United States v. Anderson, 929 F.2d 96 (2d Cir. 1991)(finding involuntary as a matter of law confession made after officer told accused that accused must choose between cooperation or counsel). In combination with the coercion arising from the offer to release Charley's brother and the two women, the Government has failed to meet its burden of demonstrating a valid waiver of Miranda.

CONCLUSION

Defendant reiterates his request for all the relief requested in his Motion papers and, for the reasons set forth in this memorandum, he requests suppression of his post-arrest statements.

                                        EARL CHARLEY
                                        By his attorney,

                                        /s/ Leo T. Sorokin
                                        Leo T. Sorokin
                                          B.B.O. #559702
                                        Federal Defender Office
                                        408 Atlantic Avenue, 3rd Floor
                                        Boston, MA  02110
                                        Tel: 617-223-8061

Date: August 19, 2004